Moss, Judge,
delivered the opinion of the court:
On July 23, 1917, plaintiff entered into a contract, numbered 2416, with the Government for the'performance-of certain construction work at the Naval Academy at Annapolis, for. which plaintiff was to receive actual cost, plus a fee of 10 per cent on such cost. On August 22, 1917, the same parties made a similar contract, numbered 2550, for other work at Annapolis, to be done on the same basis. Included in each of the contracts under definition, “ cost of the work,” is the following provision:
“ (c) Transportation to and from the site of the necessary skilled men for the economical and efficient prosecution of the wrork. The necessity for such transportation shall be determined by the officer in charge. Such transportation shall not involve repeated travel.”
It developed that on account of the large amount of public work in progress at Annapolis it would be necessary to procure a large part of the labor required under these contracts from outside points. The officer in charge of the work under these contracts, Commander H. G. Taylor, U. S. Navy, brought the situation to the attention of the Bureau of Yards and Docks in a letter in which it was stated:
“ 3. In order that the work may be carried on efficiently and completed at as early a date as practicable, it is recommended that the bureau modify this addendum to such an extent as to permit the contractors to pay the transportation of such men from Baltimore to .the site of the work as in the opinion of the officer in charge is absolutely necessary.”
*606 The Bureau of Yards and Docks thereupon issued an order which contained the following provision:
“ (c) Transportation to and from the site of the necessary skilled men for the economical and efficient prosecution of the work. The necessity for such transportation shall be determined by the officer in charge. Such transportation shall not involve repeated travel, except where, in the opinion of the officer in charge, it is absolutely necessary.”
Acting under this order plaintiff procured labor from Baltimore and adjacent points, and paid the cost of daily travel to and from the site of the work at Annapolis. It regularly submitted receipted invoices covering the expense so incurred as a part of the cost of the work, plus 10 per cent thereon, and same were, regularly and in due course, allowed and paid by defendant. Thereafter under a ruling of the Comptroller of the Treasury (25 Comp. Dec. 489) the amounts previously reimbured plaintiff were deducted from moneys otherwise due plaintiff. The total of such reimbursements, and subsequent deductions, was $33,390.51. This action is for the recovery of that sum.
It is contended by the defendant that the modification of the contract was without authority of law, and the increase in cost growing out of such modification was without consideration.
The court is unable to agree with defendant’s theory of the case. The contract provided in paragraph 5 as follows:
“ Similarly, in the employment of all labor under the contract, rates of pay shall be subject to the approval of the officer in charge, and only such pay will be authorized by him as is considered fair and equitable, and established, as, or comparable- with prevailing rates of wages paid at the yard or station, or in the vicinity where the work is being performed. Kates of pay higher than those prevailing or established in the vicinity at the time of making the contract will not be authorized by the officer in charge, except on the approval of the Chief of the Bureau of Yards and Docks.”
The situation at the time of the modification of the "contract, with reference to labor, required either making provision for housing additional labor from outside sources, or providing such general increase in labor rates as would per *607 mit outside labor to travel daily to and from Annapolis and still receive the same net rate of wages as applied in the locality, or to provide for the daily cost of travel for outside labor to and from Annapolis. The latter plan was considered by the officer in charge as the one most favorable to the interest of the Government. Accordingly, the officer in charge requested, and the Bureau of Yards and Docks issued, the order hereinabove set forth. The Bureau of Yards and Docks had authority to issue such order, and the Government benefited thereby. The plaintiff is entitled to recover, and it is so ordered.
Geaham, Judge; Booth, Judge; and Campbell, Qhief Justice, concur.